

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable J. C. Roe
Criminal District Attorney
Navarro County
Corsicana, Texas

0-6280

Dear Mr. Roe:                    Opinion No. 0-6280

Re: Whether or not the Corsicana
School Board is authorized and em-
powered to borrow money from a bank
where a member of such School Board
is also a director in the bank where
the money is sought to be borrowed.

We beg to acknowledge receipt of your request for an opinion as follows:

"A question has arisen concerning the lending of money to the Corsicana Board of Education by one of our local Banks. The contention has been made that it is a violation of our State Statutes for a Bank to lend money to a School Board where a director of that bank is also a member of the School Board.

"Mr. F. L. Seale is the School Treasurer for a term ending on August 31, 1945, and although Mr. Seale is an individual, he is at the same time Assistant cashier at the bank from whom a loan is being sought.

"I would appreciate an opinion from you as to whether or not the school board is authorized and empowered to borrow money from a bank where a member of such school board is also a director in the Bank where the money is sought to be borrowed."

You are respectfully advised that the School Board is not authorized to borrow money from a bank where a member of such School Board is also a director in the bank from which the money is sought to be borrowed.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

It is as old as the Common Law that a public official may not in his official capacity make a contract in which he is pecuniarily interested. Williston on Contracts, Vol. 6, Sec. 1738. Not only did Texas adopt the Common Law as the rule of decision as early as 1840, but the foregoing principle has been consistently affirmed wherever the question has arisen.

Such a holding was made in Flanikin v. Fokes, 15 Tex. 180, wherein the first Supreme Court of Texas held that a commissioner of the Government to sell land could not make "a contract which would give him an interest in an official act to be done by him," saying that such "would be repugnant to law and sound morality."

In City of Edinburg v. Ellis, 59 S. W. (2) 99, Judge Sharp of the Commission said:

"It is the general rule that municipal contracts in which officers or employees of the city have a personal pecuniary interest are void. 44 C. J. pp. 89-90;  6 R.C.L., pp. 738-740. * * *

"The foregoing rule rests upon sound public policy. Its object is to insure to the city strict fidelity upon the part of those who represent it and manage its affairs. The rule prohibiting public officers from being interested in public contracts should be scrupulously enforced."

In an opinion dated September 16, 1929, addressed to Honorable S. M. N. Marrs, State Superintendent of Public Instruction, this department advised that the director of a corporation serving as depository or treasurer of an independent school district would be ineligible for appointment and qualification as a trustee of the school district. This opinion was followed by this department in Opinion No. O-5158 holding the same thing. There are other opinions of this department to the same effect.

The same vice that enters into a contract of deposit by a public board or officer with a bank or institution in which he has a pecuniary interest inheres in a contract of loan. A deposit is in essence a loan by the depositor to the depositee bank. The sum deposited becomes the property of the bank and the bank a debtor to the depositor therefor.

Honorable J. C. Roe - page 3

It is not a question whether the particular contract thus forbidden is hurtful. It might, on the contrary, be actually beneficial, but the law will not permit an inquiry into the actual consequences of the transaction. It is contrary to sound public policy.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR